PER CURIAM.
Robert Lydell Lloyd appeals an order revoking his community control. We conclude that there must be further proceedings and reverse the revocation order.
Defendant-appellant Lloyd was placed on community control for auto theft and possession of cocaine. The State filed an affidavit of violation alleging that the defendant had committed an armed robbery of a motel.
At the start of the revocation hearing, the defense stated that it had no objection to taking the testimony of the witnesses who were then present, but requested that there be a recess for a reasonable time thereafter, so that the defense could make a further effort to locate two alibi witnesses. The trial court denied the request and the hearing proceeded.
The motel clerk identified the defendant as one of the perpetrators of the armed robbery. The armed robbers had taken the clerk to various locations in the motel to obtain valuables. The clerk testified that he did not observe the defendant walking with a limp. However, the defendant has an artificial leg and walks with a limp.
The defendant testified in his own defense and denied committing the crime. He testified that he was on community control and was always home in the evening as required by the community control order. He testified that this could be corroborated by his girlfriend with whom he lived, Marretta Floyd, Ms. Floyd’s brother, Benny Mitchell, and Karras West, who lived with defendant and Ms. Floyd at the time of the crime.
Defense counsel had relied on Ms. Floyd to locate Mitchell and West, but Ms. Floyd’s efforts were unsuccessful. She lost touch with the alibi witnesses after moving to other quarters when the building she lived in was condemned. She was also occupied with tending to her newborn infant.
Ms. Floyd had been present for the start of the revocation hearing and had briefly testified about the steps she had taken to locate the alibi witnesses. By the time the revocation hearing concluded, she had left to take care of her two-month-old child. The defense requested a continuance to the next day so that she could testify on defendant’s behalf. The continuance was refused, and the trial court revoked the defendant’s community control.
While reluctant to second guess the trial judge on an issue of this type, we conclude that at the least, the proceedings should have been continued to the next day to *471 allow Ms. Floyd to return and testify. There was no State objection to this request and we do not see how there would have been any prejudice from a brief delay. Consequently, we reverse the revocation order and remand with directions to reopen the record for further testimony. Since there must be further proceedings, the defense shall be given an opportunity to produce the remaining alibi witnesses as well.
Counsel have informed us that the trial on the substantive armed robbery charge against the defendant is scheduled to begin in the near future. As a suggestion, the trial court may find it more efficient to hear the additional testimony in conjunction with the trial of the substantive case.
Reversed and remanded for further proceedings consistent herewith.